FILED

JAN 2 3 2002

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

ARBOR ACRES FARM, INC, dba
NICHOLAS TURKEY BREEDING
FARMS,

NO. CIV. S-01-2030 WBS/JFM

     Plaintiff,

  v.

MEMORANDUM AND ORDER

GRE INSURANCE GROUP, et al.,

     Defendants.

----oo0oo----

     Defendants move to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

I.  Background

     This lawsuit arises out of defendants' alleged failure to defend and indemnify plaintiff under a commercial property insurance policy.  According to plaintiff's First Amended Complaint, plaintiff operated a commercial turkey ranch, which plaintiff leased from Turkeyland, L.P. (First Am. Compl. ¶ 12). On May 31, 1998, plaintiff vacated the property.  (Id.)  On November 14, 2000, plaintiff was served with notice that

1

19

1  Turkeyland had filed suit against plaintiff for breach of
2  contract.  (Id. ¶ 13, and Ex. B thereto.)  Turkeyland alleged
3  among other things that plaintiff failed to maintain the property
4  as required by the lease agreement, that it would cost $190,000
5  to clean and repair the leased property, and that tools and
6  equipment valued at $132,000 had been destroyed or removed by
7  plaintiff.  (Id. Ex. B at B-9.)  On July 31, 2001, Turkeyland
8  filed an amended complaint, adding a cause of action for
9  negligence.  (Id. Ex. C).  Plaintiff alleges that defendants
10 breached their obligation under the contract of insurance to
11 defend and indemnify plaintiff against Turkeyland.  (Id. ¶ 18-
12 24.)

13         Defendants argue that plaintiff has failed to state a
14 claim upon which relief can be granted because (1) the insurance
15 contract does not require defendants to defend any legal action
16 against plaintiff or indemnify plaintiff for any damages awarded
17 against it in such an action; (2) plaintiff fails to allege that
18 it satisfied the conditions precedent to filing suit under the
19 insurance contract; and (3) plaintiff forfeited its rights under
20 the policy by failing to make a claim within the time allowed by
21 the contract for filing a legal action.

22 II.  Discussion

23         On a motion to dismiss, the allegations of the
24 complaint must be accepted as true.  Cruz v. Beto, 405 U.S. 319,
25 322 (1972).  In general, the complaint is construed favorably to
26 the pleader.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  Thus,
27 the court is bound to give the plaintiff the benefit of every
28 reasonable inference to be drawn from the "well-pleaded"

                                    2

1   allegations of the complaint.   <u>Retail Clerks International Ass'n</u>

2   <u>v. Schermerhorn</u>, 373 U.S. 746, 753 n.6 (1963).   The court may not

3   dismiss for failure to state a claim unless it appears beyond

4   doubt that the plaintiff can prove no set of facts in support of

5   the claim which would entitle him or her to relief.   <u>Hishon v.</u>

6   <u>King & Spalding</u>, 467 U.S. 69, 73 (1984).   Dismissal is

7   appropriate if plaintiff fails to put forth either (1) a

8   cognizable legal theory, or (2) sufficient allegations of fact

9   under a cognizable theory.   <u>Robertson v. Dean Witter Reynolds,</u>

10  <u>Inc</u>, 749 F.2d 530, 533-34 (9th Cir. 1984).

11           A.   <u>Scope of Coverage Under the Policy</u>

12           The policy at issue insures against loss or damage to

13  "Personal Property of Others . . . that is . . . [i]n your care,

14  custody or control and for which you are legally liable."   (First

15  Am. Compl. Ex. A, at A-50.)   The contract is clear and

16  unambiguous.   It covers only damage or loss to the underlying

17  property, and does not obligate defendants to provide a defense

18  or to indemnify plaintiff in the Turkeyland lawsuit.

19           Interpretation of a written instrument is "solely a

20  judicial function unless the determination turns upon the

21  credibility of extrinsic evidence."   <u>Powers v. Dickson, Carlson &</u>

22  <u>Campillo</u>, 54 Cal. App. 4th 1102, 1111 (1997).   Parol evidence may

23  be admitted to explain the meaning of a writing when the meaning

24  is reasonably susceptible to different interpretations or the

25  contract is ambiguous, but where the written instrument is

26  unambiguous, parol evidence to show intent cannot be admitted.

27  <u>Id.</u>   "Applying these rules, courts have granted motions to

28  dismiss on contract claims where it is clear from the unambiguous

3

1  terms of the contract that the alleged conduct of the defendant

2  does not constitute a breach of contract."  Mieuli v. DeBartolo,

3  No. C-00-3225, 2001 WL 777447, *5 (N.D. Cal. Jan. 16,

4  2001)(citations omitted).

5          In Winters v. State Farm Fire and Casualty Co., 73 F.3d

6  224, 228 (9th Cir. 1995) the insured was a lawyer who had

7  possession of his client's saws for use in a trial.  The saws

8  were stolen from his office, and the lawyer sued his insurance

9  company to recover the value of the saws themselves, as well as

10  an amount equal to the potential legal liability to his client as

11  the bailee of the saws (which the lawyer claimed was equal to the

12  value of the client's case had the saws not been stolen).  The

13  policy there, like the one here, insured the property of others

14  held by the insured up to an amount "for which the insured is

15  legally liable."

16          The Ninth Circuit in Winters found that the lawyer

17  could recover the value of the saws themselves, but not the

18  amount his client could potentially recover against him in a

19  lawsuit.  Id.  In so ruling, the court followed the weight of

20  authority, which holds that insurance against damage or loss of

21  property of others for which the insured is "legally liable"

22  "affords coverage only to the extent of the bailed property, and

23  does not cover liability to third parties in tort or contract."

24  Id. at 227; see United States v. Globe & Rutgers Fires Insurance

25  Co., 104 F. Supp. 632 (N.D. Tex. 1952), aff'd 202 F.2d 696 (5th

26  Cir. 1953); Folger Coffee Co. v. Great American Insurance Co.,

27  333 F. Supp. 1272 (W.D. Miss. 1971); C.S. Rouse v. Albany Ins.

28  Co., 257 N.C. 267 (1962); Penn v. Commercial Union Fire Insurance

4

1   Co., 233 Miss. 178 (1958); Home Insurance Co. v. Peoria & P.U.RY
2   Co., 78 Ill. 64 (1899).

3       As explained in 11 Couch on Insurance §154:34 (3d ed.
4   2000), "the term 'liable,' as used in the policy, was not
5   intended to describe a particular fixed legal liability which
6   would require a showing that the insured was responsible by
7   contract or in tort for the . . . loss, but, instead, referred to
8   his liability or 'responsibility' as a bailee." Id. Thus,
9   policy provisions covering property for which the insured is
10  "legally liable" are "intended to insure against loss of the
11  property and not to indemnify the insured against his legal
12  responsibility in tort or contract to the owners of the
13  property." Id.

14      The policy at issue in this case cannot be
15  distinguished from other policies containing similar language.
16  The language of the policy "consistently points to insurance on
17  property, not on the insured's liability for a . . . loss on such
18  property." Globe & Rutgers, 104 F. Supp. at 634. The policy
19  insures against "'All Risk' of direct physical loss or damage to
20  property described . . . ." (First Am. Compl. Ex. A, at A-
21  14)(emphasis added). It states that defendants "will pay for
22  loss of or damage to Covered Property." (Id., at A-49)(emphasis
23  added). The policy insures "Personal Property of Others . . .
24  that is . . . [i]n your care, custody or control and for which
25  you are legally liable." (Id. at A-50)(emphasis added).
26  Moreover, the policy values the property at actual cash value at
27  the time of the loss, not at the amount of damages assessed
28  against the insured in a lawsuit. (Id. at A-61).

1        The policy also provides that, in the event of loss
2 involving property of others in the custody or care of the
3 insured, defendants "have the right but not the duty to" adjust
4 the loss with the owner of the property or provide a defense to
5 the insured.  (Id. at A-62).  This provision does not in any way
6 suggest that defendants are obligated to defend or indemnify
7 plaintiff.  It simply affords the insurer a practical way to
8 control how much the insured will claim under the policy by
9 allowing the insurer to adjust the loss directly with the owner
10 or defend the insured in a lawsuit by the owner.  More
11 importantly, the plain language of the policy makes the provision
12 of a defense strictly optional.

13        The policy unambiguously covers only damage or loss to
14 the bailed property itself; it does not obligate defendants to
15 defend or indemnify plaintiff.  Insofar as plaintiff's complaint
16 seeks damages for failure to defend and indemnify, it must
17 therefore be dismissed.

18        However, to the extent that the complaint alleges that
19 defendants failed to pay for the loss or damage to Turkeyland's
20 property, it alleges a loss covered by the policy.  As defendants
21 acknowledge, they "would be obligated to pay the value of the
22 lost or damaged property, if the loss or damage resulted from a
23 Covered Cause of Loss."  (Def's Mot. Dismiss at 4).  Although the
24 complaint overwhelmingly focuses on defendants' failure to defend
25 and indemnify, it does allege that defendants have failed to
26 perform "pursuant to the terms of the contract." (First Am.
27 Compl. ¶¶ 22.)  Given the liberal pleading standards, plaintiff
28 has adequately pled that defendants breached the contract.

1              B.    <u>Conditions Precedent to Bringing a Claim</u>

2           Defendants argue that even if the contract contemplates

3 covering plaintiff's loss, plaintiff has not sufficiently alleged

4 that it complied with contractual conditions requiring the

5 insured to describe what, where, when, how, and how much property

6 was lost or damaged before the insured can recover under the

7 policy.   Satisfaction of conditions precedent is a necessary

8 element of any breach of contract claim.   <u>See</u> <u>Hickman v. London</u>

9 <u>Assurance Corp.</u>, 184 Cal. 524, 529-30 (1920); 4 Witkin Cal.

10 Procedure § 464 (3d ed.).   Failure to allege that such conditions

11 are satisfied amounts to failure to state a claim for relief.

12           The First Amended Complaint alleges that "[a]t all

13 times herein mentioned, plaintiff paid all premiums on the policy

14 as they became due and payable, <u>and has otherwise performed all</u>

15 <u>the required terms and conditions of the policy</u>." (First Am.

16 Compl. ¶11)(emphasis added).   Under the liberal pleading

17 standards, plaintiff has alleged that it fulfilled the conditions

18 precedent to bringing a claim under the policy.

19              C.    <u>Time Limitation for Bringing a Claim</u>

20           Finally, defendants argue that plaintiff's action is

21 time-barred.   The policy in question requires any legal action

22 against the insurer to be brought within two years "after you

23 first have knowledge of the loss."   (<u>Id.</u> Ex. A at A-62.)   While

24 plaintiff alleges that it had no knowledge Turkeyland's claims

25 until November of 2000, nowhere in the complaint does plaintiff

26

27

28

7

1  say when it first became aware of the damage to the property.[1]
2  Because it is damage to property, not potential liability in a
3  lawsuit, that is the "loss" covered by the policy, plaintiff must
4  allege that it first learned of the <u>property damage</u> within two
5  years of bringing its claim under the policy.  Plaintiff has
6  failed to do so.

7        IT IS THEREFORE ORDERED that defendants' motion to
8  dismiss be, and the same hereby is, GRANTED.  Plaintiff is given
9  twenty (20) days from the date of this Order to file an Amended
10 Complaint consistent with this Order.
11 DATED: January 23, 2002
12
                    _____
                    WILLIAM B. SHUBB
13                  UNITED STATES DISTRICT JUDGE
14
15
16
17
18
19
20
21
22
23
24 ─────────────────────
25        [1]    The First Amended Complaint alleges that "Plaintiff has
   complied with its duties under said contract of insurance by
26 promptly notifying Defendants of said underlying claim after
   receiving notice of such <u>claim</u>."  (<u>Id.</u> ¶ 20)(emphasis added).
27 Plaintiff also alleges that "Plaintiff had no knowledge of any
   <u>claims</u> by Turkeyland LP, including claims for property damage or
28 negligence before service upon it of the complaint and amended
   complaint in the underlying action." (<u>Id.</u> ¶ 21)(emphasis added)

                              8

United States District Court
for the
Eastern District of California
January 23, 2002


* * CERTIFICATE OF SERVICE * *


2:01-cv-02030


Arbor Acres Farm Inc

    v.

GRE Insurance Group

_____

I, the undersigned, hereby certify that I am an employee in the Office of
the Clerk, U.S. District Court, Eastern District of California.

That on  January 23, 2002, I SERVED a true and correct copy(ies) of
the attached, by placing said copy(ies) in a postage paid envelope
addressed to the person(s) hereinafter listed, by depositing said
envelope in the U.S. Mail, by placing said copy(ies) into an inter-office
delivery receptacle located in the Clerk's office, or, pursuant to prior
authorization by counsel, via facsimile.

      David D Cross                      SH/WBS
      Johnson and Cross
      1006 Fourth Street
      Sixth Floor
      Sacramento, CA  95814

      Michael Alan Topp
      Rimac and Martin
      1700 California Street
      Suite 470
      San Francisco, CA  94109


                                Jack L. Wagner, Clerk

                                  BY:
                                    Deputy Clerk